AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**
Title 15, United States Code, Section 1 -- Price Fixing

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**DEFENDANT - U.S.**
BAYER AG

FILED
04 JUL 14 AM 11:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

**DISTRICT COURT NUMBER**
CR 04-0235

PENALTY:

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on
    ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: KEVIN V. RYAN
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
MICHAEL L. SCOTT, Trial Attorney, USDOJ, ANTITRUST DIVISION

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET

Company: BAYER AG

Maximum Penalties:

1. A fine in an amount equal to the largest of:

    A. $10 Million.

    B. Twice the gross pecuniary gain derived from the crime.

    C. Twice the gross pecuniary loss caused to the victims of the crime.

2. A term of probation of at least one year but not more than five years.

3. $400 special assessment.

4. Restitution.

MICHAEL L. SCOTT (CSBN 165452)
JEANE HAMILTON (CSBN 157834)
VICTOR ALI (CSBN 229544)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone: (415) 436-6660

Attorneys for the United States

FILED
04 JUL 14 AM 11:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PJH

CR 04-0235

| UNITED STATES OF AMERICA, | ) No. CR 04- |
|---|---|
| v. | ) INFORMATION |
| BAYER AG, | ) VIOLATION: |
| Defendant. | ) Title 15, United States Code, Section 1 (Price Fixing) |
|  | ) San Francisco Venue |

The United States of America, acting through its attorneys, charges:

I.

DESCRIPTION OF THE OFFENSE

1. BAYER AG is made a defendant on the charge stated below.

2. Beginning in or about July 1995 and continuing until in or about December 2001, defendant and co-conspirators participated in a combination and conspiracy to suppress and eliminate competition by maintaining and increasing the price of certain rubber chemicals sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. The charged combination and conspiracy consisted of a continuing agreement,

INFORMATION -- BAYER AG -- PAGE 1

understanding, and concert of action among the defendant and co-conspirators, the substantial term of which was to suppress and eliminate competition by maintaining and increasing the price of certain rubber chemicals in the United States and elsewhere.

4.  For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

   (a)  participating in conversations and meetings to discuss prices of certain rubber chemicals to be sold in the United States and elsewhere;

   (b)  agreeing, during those conversations and meetings, to raise and maintain prices of certain rubber chemicals to be sold in the United States and elsewhere;

   (c)  participating in conversations and attending meetings concerning implementation of and adherence to the agreements reached;

   (d)  issuing price announcements and price quotations in accordance with the agreements reached; and

   (e)  exchanging information on the sale of certain rubber chemicals in the United States and elsewhere.

## II.

## DEFENDANT AND CO-CONSPIRATORS

5.  The defendant is an entity organized and existing under the laws of Germany, with its principal place of business in Leverkusen, Germany. During the period covered by this Information, the defendant engaged in the business of producing and selling certain rubber chemicals in the United States and elsewhere.

6.  Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance of it.

7.  Whenever in this Information reference is made to any act, deed, or transaction of

INFORMATION -- BAYER AG -- PAGE 2

1  any corporation, the allegation means that the corporation engaged in the act, deed, or transaction
2  by or through its officers, directors, employees, agents, or other representatives while they were
3  actively engaged in the management, direction, control, or transaction of its business or affairs.

### III.

### TRADE AND COMMERCE

8. Rubber chemicals are a group of additives used to improve the elasticity, strength, and durability of rubber products. Rubber chemicals are used primarily in the manufacture of tires, outdoor furniture, hoses, belts, and footwear.

9. During the period covered by this Information, the defendant and co-conspirators manufactured, sold, and distributed rubber chemicals in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and co-conspirators produced rubber chemicals.

10. The business activities of the defendant and co-conspirators that are the subject of this Information were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### IV.

### JURISDICTION AND VENUE

11. The combination and conspiracy charged in this Information was carried out, in part, in the Northern District of California within the five years preceding the filing of this Information.

//
//
//
//
//
//

INFORMATION -- BAYER AG -- PAGE 3

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: 7/13/04

_R. Hewitt Pate_
Assistant Attorney General

_James M. Griffin_
Deputy Assistant Attorney General

_Scott D. Hammond_
Director of Criminal Enforcement

United States Department of Justice
Antitrust Division

_Kevin V. Ryan_
United States Attorney
Northern District of California

_Phillip H. Warren_
Chief, San Francisco Office

_Marc Siegel_
Assistant Chief, San Francisco Office

_Michael L. Scott_
Michael L. Scott
Jeane Hamilton
Victor Ali
Attorneys

U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

INFORMATION -- BAYER AG -- PAGE 4