1  MICHAEL L. SCOTT (CSBN 165452)
   JEANE HAMILTON (CSBN 157834)
2  VICTOR ALI (CSBN 229544)
   Antitrust Division
3  U.S. Department of Justice
   450 Golden Gate Avenue
4  Box 36046, Room 10-0101
   San Francisco, CA  94102
5  Telephone: (415) 436-6660

6  Attorneys for the United States

7

**FILED**

DEC 0 9 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA                )    No. CR 04-0235 MJJ
                                            )
12                                          )
              v.                            )
13                                          )    PLEA AGREEMENT
                                            )
14  BAYER AG,                               )
                                            )
15                    Defendant.            )
                                            )
16  _____)

17                          **PLEA AGREEMENT**

18       The United States of America and Bayer AG ("defendant"), a corporation organized and

19  existing under the laws of Germany, hereby enter into the following Plea Agreement pursuant to

20  Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

21                       **RIGHTS OF DEFENDANT**

22       1.    The defendant understands its rights:

23             (a)    to be represented by an attorney;

24             (b)    to be charged by Indictment;

25             (c)    as a corporation organized and existing under the laws of Germany, to

26                    decline to accept service of the Summons in this case, and to contest the

27                    jurisdiction of the United States to prosecute this case against it in the

28                    United States District Court for the Northern District of California.

PLEA AGREEMENT -- BAYER AG -- PAGE 1

1          (d)     to plead not guilty to any criminal charge brought against it;

2          (e)     to have a trial by jury, at which it would be presumed not guilty of the

3   charge and the United States would have to prove every essential element of the charged

4   offense beyond a reasonable doubt for it to be found guilty;

5          (f)     to confront and cross-examine witnesses against it and to subpoena

6   witnesses in its defense at trial;

7          (g)     to appeal its conviction if it is found guilty at trial; and

8          (h)     to appeal the imposition of sentence against it.

9
                           **AGREEMENT TO PLEAD GUILTY**
10                         **AND WAIVE CERTAIN RIGHTS**

11          2.     The defendant waives the rights set out in Paragraph 1(b)-(g) above, including all

12   jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the

13   jurisdiction of the United States to prosecute this case against it in the United States District

14   Court for the Northern District of California.  The defendant also waives the right to appeal the

15   imposition of sentence against it, so long as the sentence imposed is consistent with the

16   recommendation in Paragraph 8 of this Plea Agreement.  The defendant agrees to have its

17   sentence determined under the United States Sentencing Guidelines ("U.S.S.G.") and waives all

18   constitutional challenges to the validity of the U.S.S.G.  The defendant waives any right it may

19   have to have facts that determine its statutory maximum sentence or Guidelines fine range under

20   the U.S.S.G. (including any facts used to determine its offense level, base fine amount,

21   culpability score, or any specific offense characteristic or other enhancement or adjustment under

22   the U.S.S.G., as well as any pecuniary gain or loss resulting from the charged offense) alleged in

23   an indictment and found by a jury beyond a reasonable doubt.  The defendant agrees that facts

24   that determine its statutory maximum sentence or Guidelines fine range will be found by the

25   Court at sentencing by a preponderance of the evidence and that the Court may consider any

26   reliable evidence, including hearsay, in making such determinations.  Pursuant to Fed. R. Crim.

27   P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count

28   Information to be filed in the United States District Court for the Northern District of California.

PLEA AGREEMENT -- BAYER AG -- PAGE 2

1  The Information will charge the defendant with participating in a combination and conspiracy to
2  suppress and eliminate competition by maintaining and increasing the price of certain rubber
3  chemicals sold in the United States and elsewhere, beginning in or about July 1995 and
4  continuing until in or about December 2001, in violation of Section One of the Sherman Act (15
5  U.S.C. § 1).

6       3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to
7  the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to
8  the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

9                        **FACTUAL BASIS FOR OFFENSE CHARGED**

10      4.      Had this case gone to trial, the United States would have presented evidence to
11  prove the following facts:

12          (a)     For purposes of this Plea Agreement, the "relevant period" is that period
13          beginning in or about July 1995 and continuing until in or about December 2001. During
14          the relevant period, the defendant was a corporation organized and existing under the
15          laws of Germany. The defendant has its principal place of business in Leverkusen,
16          Germany. During the relevant period, the defendant produced and sold certain rubber
17          chemicals in the United States and elsewhere. Rubber chemicals are a group of additives
18          used to improve the elasticity, strength, and durability of rubber products. Rubber
19          chemicals are used primarily in the manufacture of tires, outdoor furniture, hoses, belts,
20          and footwear.

21          (b)     During the relevant period, the defendant, through its officers and
22          employees, participated in a conspiracy among major rubber chemical producers, the
23          primary purpose of which was to suppress and eliminate competition by maintaining and
24          increasing the price of certain rubber chemicals sold in the United States and elsewhere.
25          In furtherance of the conspiracy, the defendant, through its officers and employees,
26          engaged in discussions and attended meetings with representatives of other major rubber
27          chemical producers. During these discussions and meetings, agreements were reached to
28          maintain and increase the price of certain rubber chemicals to be sold in the United States

PLEA AGREEMENT -- BAYER AG -- PAGE 3

1    and elsewhere.

2            (c)    During the relevant period, rubber chemicals sold by one or more of the

3    conspirator firms, and equipment and supplies necessary to the production and

4    distribution of rubber chemicals, as well as payments for rubber chemicals, traveled in

5    interstate and foreign commerce. The business activities of the defendant and its

6    co-conspirators in connection with the production and sale of rubber chemicals affected

7    by this conspiracy were within the flow of, and substantially affected, interstate and

8    foreign trade and commerce.

9            (d)    Rubber chemicals affected by this conspiracy were sold by one or more of

10    the conspirators to customers in this District.

11                        **POSSIBLE MAXIMUM SENTENCE**

12       5.    The defendant understands that the maximum penalty which may be imposed

13    against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in

14    an amount equal to the greatest of:

15            (a)    $10 million (15 U.S.C. § 1);

16            (b)    twice the gross pecuniary gain the conspirators derived from the crime

17    (18 U.S.C. § 3571(c) and (d)); or

18            (c)    twice the gross pecuniary loss caused to the victims of the crime by the

19    conspirators (18 U.S.C. § 3571(c) and (d)).

20       6.    In addition, the defendant understands that:

21            (a)    pursuant to § 8B1.1 of the United States Sentencing Guidelines

22    ("U.S.S.G."), the Court may order it to pay restitution to the victims of the offense;

23            (b)    pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, the Court is

24    required to order the defendant to pay a $400 special assessment upon conviction for the

25    charged crime; and

26            (c)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

27    probation of at least one year, but not more than five years.

28    ///

PLEA AGREEMENT -- BAYER  AG -- PAGE 4

1

## SENTENCING GUIDELINES

2     7.     Sentencing for the offense to be charged will be conducted pursuant to the

3  U.S.S.G. Manual in effect on the day of sentencing. Pursuant to U.S.S.G. § 1B1.8, the United

4  States agrees that self-incriminating information that the defendant provides to the United States

5  pursuant to this Plea Agreement will not be used to increase the volume of affected commerce

6  attributable to the defendant or in determining the defendant's applicable sentencing guidelines

7  range, except to the extent provided in U.S.S.G. § 1B1.8(b).

8

## SENTENCING AGREEMENT

9     8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

10  agree that the appropriate disposition of this case is, and agree to recommend jointly that the

11  Court impose a sentence requiring the defendant to pay to the United States a criminal fine of

12  $66 million, pursuant to 18 U.S.C. § 3571(d), payable in full before the fifteenth (15th) day after

13  the date of judgment ("the recommended sentence").

14          (a)     The defendant understands that the Court will order it to pay a $400

15          special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, in

16          addition to any fine imposed.

17          (b)     Neither party will recommend a term of probation, but the defendant

18          understands that the Court is free to impose a term of probation.

19          (c)     Subject to the ongoing, full, and truthful cooperation of the defendant

20          described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the

21          United States will fully advise the Court of the fact, manner, and extent of the defendant's

22          cooperation and its commitment to prospective cooperation with the United States'

23          investigation and prosecutions, all material facts relating to the defendant's involvement

24          in the charged offense, and all other relevant conduct. The United States and the

25          defendant jointly submit that this Plea Agreement, together with the record that will be

26          created by the United States and the defendant at the plea and sentencing hearings, will

27          provide sufficient information concerning the defendant, the crime charged in this case,

28          and the defendant's role in the crime to enable the meaningful exercise of sentencing

PLEA AGREEMENT -- BAYER AG -- PAGE 5

1   authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to
2   request jointly that the Court accept the defendant's guilty plea and impose sentence on
3   an expedited schedule as early as the date of arraignment, based upon the record provided
4   by the defendant and the United States, under the provisions of Fed. R. Crim. P.
5   32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 18(b) of the Local Rules. The Court's denial
6   of the request to impose sentence on an expedited schedule will not void this Plea
7   Agreement.

8        9.    The United States and the defendant agree that the applicable sentencing
9   guidelines fine range exceeds the fine contained in the recommended sentence set out in
10  Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described
11  in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States
12  agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from
13  the guidelines fine range and will request that the Court impose the recommended sentence set
14  out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the
15  government's investigation and prosecutions of violations of federal criminal law in the rubber
16  chemicals industry and in another industry.

17       10.    The United States and the defendant understand that the Court retains complete
18  discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea
19  Agreement.

20       (a)    If the Court does not accept the recommended sentence, the United States
21  and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below, shall
22  be rendered void. Neither party may withdraw from this Plea Agreement, however, based
23  on the imposition of a term of probation.

24       (b)    If the Court does not accept the recommended sentence, the defendant will
25  be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant
26  withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made
27  in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or
28  this Plea Agreement or made in the course of plea discussions with an attorney for the

PLEA AGREEMENT -- BAYER  AG -- PAGE 6

government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 14 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

11. In light of the private civil cases filed, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

12. The defendant and any of its subsidiaries engaged in the sale or production of rubber chemicals (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of rubber chemicals, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant and its related entities shall include, but not be limited to:

(a) producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or its related entities, requested by the United States in connection with any Federal Proceeding; and

(b) using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 13 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant and its related entities as may be requested by the United States, but excluding Jurgen Ick, Martin Petersen,

PLEA AGREEMENT -- BAYER AG -- PAGE 7

1    Gunter Monn, Wolfgang Koch, and Volker Holitsch, and, including making these

2    persons available in the United States and at other mutually agreed-upon locations,

3    at the defendant's expense, for interviews and the provision of testimony in grand

4    jury, trial, and other judicial proceedings in connection with any Federal

5    Proceeding.

6    13.    The ongoing, full, and truthful cooperation of each person described in

7    Paragraph 12(b) above will be subject to the procedures and protections of this paragraph,

8    and shall include, but not be limited to:

9        (a)    producing in the United States and at other mutually agreed-upon

10   locations all non-privileged documents, including claimed personal documents,

11   and other materials, wherever located, requested by attorneys and agents of the

12   United States;

13       (b)    making himself or herself available for interviews in the United

14   States and at other mutually agreed-upon locations, not at the expense of the

15   United States, upon the request of attorneys and agents of the United States;

16       (c)    responding fully and truthfully to all inquiries of the United States

17   in connection with any Federal Proceeding, without falsely implicating any person

18   or intentionally withholding any information, subject to the penalties of making

19   false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503);

20       (d)    otherwise voluntarily providing the United States with any non-

21   privileged material or information not requested in (a) - (c) of this paragraph that

22   he or she may have that is related to any Federal Proceeding;

23       (e)    when called upon to do so by the United States in connection with

24   any Federal Proceeding, testifying in grand jury, trial, and other judicial

25   proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18

26   U.S.C. § 1621), making false statements or declarations in grand jury or court

27   proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction

28   of justice (18 U.S.C.  § 1503); and

PLEA AGREEMENT -- BAYER  AG -- PAGE 8

1           (f)     agreeing that, if the agreement not to prosecute him or her in this

2   Plea Agreement is rendered void under Paragraph 15(c), the statute of limitations

3   period for any Relevant Offense as defined in Paragraph 15(a) will be tolled as to

4   him or her for the period between the date of the signing of this Plea Agreement

5   and six (6) months after the date that the United States gave notice of its intent to

6   void its obligations to that person under the Plea Agreement.

7                        **GOVERNMENT'S AGREEMENT**

8         14.    Upon acceptance of the guilty plea called for by this Plea Agreement and

9   the imposition of the recommended sentence, and subject to the cooperation requirements

10  of Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring

11  further criminal charges against the defendant or any of its related entities for any act or

12  offense committed before the date of this Plea Agreement that was undertaken in

13  furtherance of an antitrust conspiracy involving the manufacture or sale of rubber

14  chemicals. The nonprosecution terms of this paragraph do not apply to civil matters of

15  any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16        15.    The United States agrees to the following:

17          (a)     Upon the Court's acceptance of the guilty plea called for by this

18  Plea Agreement and the imposition of the recommended sentence and subject to

19  the exceptions noted in Paragraph 15(c), the United States will not bring criminal

20  charges against any current or former director, officer, or employee of the

21  defendant or any of its related entities for any act or offense committed before the

22  date of this Plea Agreement and while that person was acting as a director, officer,

23  or employee of the defendant or any of its related entities that was undertaken in

24  furtherance of an antitrust conspiracy involving the manufacture or sale of rubber

25  chemicals ("Relevant Offense"), except that the protections granted in this

26  paragraph shall not apply to Jurgen Ick, Martin Petersen, Gunter Monn, Wolfgang

27  Koch, and Volker Holitsch;

28          (b)     Should the United States determine that any current or former

PLEA AGREEMENT -- BAYER AG -- PAGE 9

director, officer, or employee of the defendant or any of its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

PLEA AGREEMENT -- BAYER AG -- PAGE 10

16.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

17.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United Stated Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this

PLEA AGREEMENT -- BAYER AG -- PAGE 11

1   Plea Agreement and the Bayer Cooperation Agreement, filed separately with the Court.

2   The United States has made no promises or representations to the defendant as to whether

3   the Court will accept or reject the recommendations contained within this Plea Agreement.

4   ## VIOLATION OF PLEA AGREEMENT

5   20.     The defendant agrees that, should the United States determine in good faith,

6   during the period that any Federal Proceeding is pending, that the defendant or any of its

7   related entities have failed to provide full and truthful cooperation, as described in

8   Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea

9   Agreement, the United States will notify counsel for the defendant in writing by personal

10  or overnight delivery or facsimile transmission and may also notify counsel by telephone

11  of its intention to void any of its obligations under this Plea Agreement (except its

12  obligations under this paragraph), and the defendant and its related entities shall be subject

13  to prosecution for any federal crime of which the United States has knowledge including,

14  but not limited to, the substantive offenses relating to the investigation resulting in this

15  Plea Agreement.  The defendant and its related entities may seek court review of any

16  determination made by the United States under this Paragraph to void any of its

17  obligations under the Plea Agreement.  The defendant and its related entities agree that, in

18  the event that the United States is released from its obligations under this Plea Agreement

19  and brings criminal charges against the defendant and its related entities for any offense

20  referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for

21  such offense will be tolled for the period between the date of the signing of this Plea

22  Agreement and six (6) months after the date the United States gave notice of its intent to

23  void its obligations under this Plea Agreement.

24  21.     The defendant understands and agrees that in any further prosecution of it

25  or its related entities resulting from the release of the United States from its obligations

26  under this Plea Agreement, because of the defendant's or its related entities' violation of

27  the Plea Agreement, any documents, statements, information, testimony, or evidence

28  provided by it, its related entities, or current or former directors, officers, or employees of

PLEA AGREEMENT -- BAYER  AG -- PAGE 12

1  it or its related entities to attorneys or agents of the United States, federal grand juries, or
2  courts, and any leads derived therefrom, may be used against it or its related entities in any
3  such further prosecution. In addition, the defendant unconditionally waives its right to
4  challenge the use of such evidence in any such further prosecution, notwithstanding the
5  protections of Fed. R. Evid. 410.

6  **ENTIRETY OF AGREEMENT**

7      22.    This Plea Agreement and the Bayer Cooperation Agreement, filed
8  separately with the Court, constitute the entire agreement between the United States and
9  the defendant concerning the disposition of the criminal charge in this case. This Plea
10  Agreement cannot be modified except in writing signed by the United States and the
11  defendant.

12      23.    The undersigned is authorized to enter into this Plea Agreement on behalf
13  of the defendant as evidenced by the Resolution of the Board of Directors of the defendant
14  attached to, and incorporated by reference, in this Plea Agreement.

15      24.    The undersigned attorneys for the United States have been authorized by
16  the Attorney General of the United States to enter this Plea Agreement on behalf of the
17  United States.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

PLEA AGREEMENT -- BAYER AG -- PAGE 13

25.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 7/8/04

BAYER AG

BY: _____
Dr. Roland Hartwig
General Counsel
Bayer AG
Corporate Center, Law & Patents
D-51368 Leverkusen, Germany

COUNSEL FOR BAYER AG

BY: _____
Phillip A. Proger, Esq.
Brian K. Grube, Esq.
Ryan C. Thomas, Esq.
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION

BY: _____
Michael L. Scott
Jeane Hamilton
Victor Ali
Attorneys

450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

PLEA AGREEMENT -- BAYER AG -- PAGE 14